GREER *v.* THE STATE.

EVIDENCE.—*Testimony of Party as to His Intent.*—Where, on the trial of an action, a party, competent to testify in his own behalf, becomes a witness, and the character of the transaction in question depends upon the intent of such party, it is competent for him to testify as to what his intention was; accordingly, where, on the trial of an indictment for an assault and battery with intent to commit a felony, the defendant became a witness in his own behalf, it was competent for him to testify as to what his intention was in committing the alleged assault and battery. *Zimmerman* v. *Marchland*, 23 Ind. 474, overruled on this point.

INSTRUCTION TO JURY.—*Credibility of Witness.*—*Interest.*—On the trial of a criminal action, it was error for the court to charge the jury, in reference to the testimony of the defendant, who had been a witness in his own behalf, that "one interested will not usually be as honest and candid as one not so."

From the Marion Criminal Circuit Court.

*J. C. Green, J. C. Pearson* and *J. S. Campbell,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

WORDEN, C. J.—The appellant was indicted for an assault and battery upon the person of a female, with intent to commit a rape upon her; and, upon trial by jury, was convicted and sent to the state prison.

Upon the trial of the cause, the defendant became a witness on his own behalf, and it was proposed by his counsel to prove by him what his intention was in the commission of the alleged assault and battery, but, on the objection of the State, the evidence thus offered was excluded, and the defendant excepted.

The intent was the gist of the felony charged, and it devolved upon the State to make it out.

It was also the right of the defendant to disprove the alleged intent by any competent evidence.

No one could know better than the defendant what his intent was, and as he was a competent witness, we see no reason why it was not competent for him to testify as to his intent.

The degree of credit that should be given to his testimony, in this respect as well as in others, would be for the consideration of the jury. Any objection to the proposed evidence would, we think, go to his credibility, and not to his competency.

That such evidence is competent, is thoroughly settled in New York. Thus, in *Thurston* v. *Cornell*, 38 N. Y. 281, it was said by the court, that "the law is now well settled, under the rule admitting parties to testify in their own behalf, that, where the character of the transaction depends upon the intent of the party, it is competent, when that party is a witness, to inquire of him what his intention was;" and several previous cases in that State are referred to, which fully sustain the position.

We are aware that in *Zimmerman* v. *Marchland*, 23 Ind. 474, it was held not competent for a party thus to testify to his intention; but that case, in this respect, does not seem to have been very maturely considered, and no authorities are cited, leaving the inference that the attention of the court was not called to the New York cases upon this point.

The case of *The City of Columbus* v. *Dahn*, 36 Ind. 330, settles nothing upon this point, though some of the New York cases are referred to; for it was decided upon the ground that a party, whose acts and conduct indicated an intention to dedicate certain ground to the public for a street or highway, is estopped to set up an intent different from that indicated by his acts and conduct.

We are of opinion that the evidence offered was competent, and should have been received.

The court gave to the jury the following charge, to which exception was taken, viz.:

"The defendant has testified in his own behalf. This testimony, however, is subjected to the usual test of credibility, as other interested witnesses. One interested will not, usually, be as honest and candid as one not so."

We think the court erred in giving the latter part of the charge. The idea is conveyed by the charge, that, in a

majority of instances, or as a usual rule, subject of course to exceptions, persons interested will not be as honest and candid as those who are not-interested. This may be true, in point of fact, and if so, it is a sad commentary upon the honesty and candor of a majority of mankind. But, if the proposition be true, it is not a legal presumption, but matter of fact, of which the jury were the exclusive judges, and concerning which the court could not, without going out of its province, undertake to instruct them.

It was the exclusive province of the jury to determine, from their knowledge of mankind, from the evidence in the cause, and from the appearance and manner of the witness, what credit was due to his evidence, and whether any, and if so, how much, credence should be withheld in consequence of his interest in the cause. It was, in short, the exclusive province of the jury to determine whether one interested would or would not usually be as honest and candid as one not interested.

There are some other questions made in the cause in respect to evidence, which we pass over, as they may not arise upon another trial.

The judgment below is reversed, and the cause remanded for a new trial. The clerk will give the proper notice for a return of the prisoner.