## PRATT *v.* THE STATE.

CRIMINAL LAW.—*Assault with Intent to Murder.—Evidence.—Specific Acts.*—Upon the trial of a defendant indicted for assault and battery with intent to murder another, evidence of specific acts of violence, committed by the latter upon persons toward whom he had had ill-will, is not admissible.

SAME.—*New Trial.—Continuance of Motion for.*—An application by a defendant for a continuance under advisement, of his motion for a new trial, until the next term of court, rests in the discretion of the court.

SAME.—*Misconduct of Juror.—Separation of Jury.*—The fact that, during a separation of a jury by leave of court, upon an adjournment of a cause which they are trying, a member thereof, on his own motion and at his own expense, by himself and without becoming intoxicated, partakes of intoxicating liquor, is not sufficient cause for a new trial.

SAME.—*Instruction to Jury.—Credibility of Witness.*—An instruction to the jury trying a cause, in relation to the evidence given therein, that "if the witness is interested in the result of the prosecution, this tends to discredit" him, is erroneous.

From the Howard Circuit Court.

*J. O'Brien* and *N. R. Lindsay*, for appellant.

*J. F. Vail*, Prosecuting Attorney, and *C. A. Buskirk*, Attorney General, for the State.

PERKINS, C. J.—Indictment against appellant, Pratt, charging him with the commission of an assault and battery, upon, with intent to murder, Jacob Warrick.

There were two counts in the indictment.

A motion to quash was overruled. Trial by jury. Conviction of assault and battery with intent to commit manslaughter. The punishment was fixed at seven years in the penitentiary, and a fine of one hundred dollars. A motion for a new trial was denied, and judgment and sentence were rendered on the verdict.

The errors assigned in this court are:

1st. The court erred in overruling the motion to quash the several counts in the indictment.

2d. In overruling appellant's motion for leave to prove specific acts of violence committed by the deceased upon persons to whom he bore ill-will.

3d. In overruling appellant's motion for a continuance under advisement, till the next ensuing term, of his motion for a new trial.

4th. In overruling the motion for a new trial.

5th. In overruling the motion in arrest of judgment.

6th. In rendering judgment against appellant.

We will consider these assignments of error.

And first, of the motion to. quash. The appellant's counsel make no argument against the ruling of the court upon this motion. They point out no objection to the indictment, and we see none.

The second assignment of error is invalid.

The court permitted the appellant to give testimony, touching the character of the deceased for violence, etc., but we know of no rule of evidence that will permit proof of specific acts, except on cross-examination. If

such a course were allowed, it would involve the necessity, in order rightly to appreciate the force of the evidence, of going into the whole transaction in each specific act, in order to ascertain what provocation the deceased might have had, and how far his acts were justifiable or excusable.

The third assignment of error involves matter in the discretion of the court. No abuse of discretion is shown.

The fifth assignment is invalid, and the sixth raises no question beyond those that will be considered in examining the fourth, and what further we have to say in the case will be said upon that assignment of error.

The fourth assignment of error was, that the court erred in overruling the motion for a new trial. One of the reasons assigned in the motion for a new trial was, that one of the jurors drank intoxicating liquors during the trial.

The trial of the cause occupied a week. During the portion of it occupied in hearing the evidence and argument in the cause, the jury was permitted to separate during the adjournments of court. It is established by affidavits, read on the hearing of the motion for a new trial, that one of the jurors, during one or two of the adjournments, drank a glass of whiskey, of his own motion and at his own expense. No one interested in the cause on trial was in any way instrumental in furnishing the liquor, or associated with him in drinking.

But it is conclusively shown, by the affidavits of all his fellow jurors and of his own, that the juror was perfectly sober and strictly attentive to the discharge of his duties as a juror, from the commencement to the end of the trial. Nevertheless, it is earnestly insisted, that the fact that the juror drank a glass of whiskey, after he was empanelled as a juror in the cause, vitiates the verdict rendered in such cause.

We can not assent to this proposition. It is not supported by reason or authority. We need only cite *Creek*

v. *The State*, 24 Ind. 151; *Davis* v. *The State*, 35 Ind. 496; *Huston* v. *Vail*, 51 Ind. 299.

Another of the reasons assigned in the motion for a new trial was, that the court erred in giving the following instruction to the jury:

" If the witness is interested in the result of the prosecution, this tends to discredit it."

It is laid down in this instruction, as a general proposition of law, that where a witness is interested in the result of the prosecution, without regard to the character of the interest, this tends to discredit him as a witness. It is not said, that that is a circumstance which the jury have a right to consider and judge of for themselves, in determining the credibility, but they are told, as matter of law, that that fact does tend to discredit him.

Upon the authority of *Bradley* v. *The State*, 31 Ind. 492, *Greer* v. *The State*, 53 Ind. 420, and *Nelson* v. *Vorce*, 55 Ind. 455, we must hold the instruction erroneous, and, for this error, reverse the judgment below.

Judgment reversed, with costs, and cause remanded for a new trial. The clerk will inform the warden to return the prisoner, as by law directed.