Millner *et al. v.* Eglin *et al.*

———◆◆◆———

## MILLNER ET AL. *v.* EGLIN ET AL.

INSTRUCTION TO JURY.—*Comparative Weight of Oral Evidence and Depositions.—Case Overruled.*—On the trial of a cause wherein both oral evidence and depositions of witnesses had been introduced, the court instructed the jury, that, "In weighing the evidence of witnesses, you are to look on their means of knowledge, and at their honesty, in the light of all the corroborating and surrounding facts and circumstances in the case ; and in this connection you have a right to look at the appearance of the witnesses upon the stand, and, because of this, *other things being equal* in regard to witnesses, the testimony of those examined in open court is entitled to greater weight than the testimony of witnesses embodied in depositions."

*Held.* that the instruction was erroneous. *Carver* v. *Louthain*, 38 Ind. 580, overruled in part.

From the Lake Circuit Court.

*T. J. Merrifield* and *W. Johnston*, for appellants.

*A. L. Jones, C. Baker, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellees.

NIBLACK, J.—This was an action by Alexander Millner and John Hardesty, against John Eglin, Frank P. Eglin and Mahala P. Eglin, to set aside a deed executed under a contract for the exchange of lands, on the alleged ground of fraud and misrepresentation.

The action was commenced in the Porter Circuit Court, but, by a change of venue, was transferred to the court below.

The complaint charged, amongst other things, that, on the 14th day of November, A. D. 1874, the plaintiffs were the

owners of a certain forty-acre tract of land, lying in Porter county, of the value of sixteen hundred dollars; that said plaintiffs on that day entered into an agreement with the defendants John Eglin and Frank P. Eglin, whereby they, the plaintiffs, were to convey said forty-acre tract of land to the defendant Mahala C. Eglin, who was the wife of the said John Eglin and the mother of the said Frank P. Eglin, and the said John Eglin and Frank P. Eglin were, on their part, to convey to the plaintiff Millner a certain tract of land in Lincoln county, in the State of Kansas, and also to hold the possession and right of pre-emption under the homestead law of the United States, of a one-hundred-and-sixty-acre tract of land in said Lincoln county, Kansas, until the 15th day of June, A. D. 1875, and then to deliver such possession to the plaintiffs, together with a quantity of building material situate on said last mentioned tract of land, and to pay the plaintiffs the sum of two hundred dollars in money; that deeds were mutually executed and delivered according to said agreement; that the said John Eglin and Frank P. Eglin, at the time said agreement was entered into, and at the time when deeds were so mutually executed and delivered, made certain representations and statements to the plaintiffs as to the situation, character and quality of said Kansas lands, and as to the growing timber and improvements and building materials thereon, which representations and statements were believed and relied upon by the plaintiffs in making said contract for the exchange of lands, and in the execution and delivery of a deed to the forty-acre tract of land as above set forth, but which were false and fraudulent; that the said John Eglin and Frank P. Eglin did not hold the possession of the one-hundred-and-sixty-acre tract of land in Kansas until the 15th day of June, 1875, or sufficiently long to perfect their right of pre-emption thereto under the homestead laws of the United States, but abandoned the

same and their claim of pre-emption thereto, in consequence of which said land was taken possession of and pre-empted by other persons, and thus lost to the plaintiffs.

A tender of a deed from the plaintiffs, reconveying the Kansas lands, an offer to return the money received by the plaintiffs, and a demand for a reconveyance for the forty-acre tract of land in Porter county, were each, also, respectively averred.

The defendants answered in three paragraphs:

1. In general denial;

2. Setting up that the plaintiffs, in consideration of the sum of twenty dollars, had released the defendants from their obligation to hold and maintain the homestead claim on the one-hundred-and-sixty-acre tract of land in Kansas;

3. That the forty-acre tract in Porter county was conveyed to the said Mahala C. Eglin, subject to a mortgage for one hundred dollars, which the defendants agreed and assumed to pay; that, at the time said land was conveyed to the said Mahala, there was due as interest on said mortgage the sum of eight dollars; that before the commencement of this suit, and before the plaintiffs had demanded a reconveyance of such land, the defendants had paid the sum of nine dollars to prevent said mortgage from being foreclosed, of which the plaintiffs had full notice, and which sum of money the plaintiffs had not repaid or offered to repay to the defendants.

The plaintiffs interposed a demurrer to this third paragraph of the answer, but it was overruled.

After some further proceedings, which need not be here noticed, and issue joined, the jury trying the cause returned a verdict for the defendants, and, over a motion for a new trial, judgment was rendered in accordance with the verdict.

Errors are assigned upon the overruling of the demurrer to the third paragraph of the answer, and upon the refusal of the court to grant a new trial.

No specific objection to the third paragraph of the answer has been pointed out to us by the appellants, and hence, by the well established practice of this court, we are not required to enter into the consideration of the question of its sufficiency.

The evidence upon the trial consisted of certain instruments in writing, of oral testimony, and of the depositions of witnesses. Depositions formed a considerable portion of the evidence introduced by the plaintiffs. Questions as to the weight of evidence, and as to the relative credibility of witnesses, arose upon the trial and went to the jury with the evidence in the cause. Concerning those questions the court instructed the jury as follows:

"In weighing the evidence of witnesses, you are to look on their means of knowledge, and at their honesty, in the light of all the corroborating and surrounding facts and circumstances in the case; and in this connection you have a right to look at the appearance of the witnesses upon the stand, and, because of this, other things being equal in regard to witnesses, the testimony of those examined in open court is entitled to greater weight than the testimony of witnesses embodied in depositions."

It is insisted that this instruction is erroneous; that the rule for weighing evidence laid down by it is not recognized by the authorities, and has in reality no existence as a rule of law.

On the other hand, it is contended that the instruction is sustained by the case of *Carver* v. *Louthain*, 38 Ind. 530; that instruction numbered ninth, ruled upon in that case, was in principle and in substance a parallel one to the instruction before us. We are, however, of the opinion that the two instructions are not parallel in all

Millner *et al. v.* Eglin *et al.*

essential respects. We think the case of *Carver* v. *Louthain, supra,* taken altogether, does not go so far to the disparagement of testimony submitted through the medium of depositions, as does the instruction now under consideration. That case does not go to the extent of saying, that, " other things being equal in regard to witnesses," depositions are entitled to less weight than oral testimony, but went rather to the credibility of conflicting witnesses, where the opportunities for applying the usual tests had not been " equal " between the two classes of witnesses referred to.

We know as a matter of fact, from common observation, that, in many cases, perhaps in most cases, the testimony of a witness orally given is much more likely to make a decided impression upon a jury than if communicated in the form of a deposition. We also know, in the same way, that, in other cases, the depositions of witnesses would be more likely to make a favorable impression on the jury than if such witnesses had testified orally before the jury, depending in every case upon the intelligence, the peculiarities, the general appearance and all other circumstances attending each particular witness. These are matters about which the law lays down no general or inexorable rule. They constitute facts for the consideration of the jury in every case in which such questions may arise. We know of no rule of law by which the instruction complained of, as above, can be sustained. *Nelson* v. *Vorce,* 55 Ind. 455; *Pratt* v. *The State,* 56 Ind. 179.

Upon a review of the case of *Carver* v. *Louthain,* above referred to, we have come to the conclusion, that so much of it as holds that the ninth instruction, copied into the opinion, was correctly given to the jury in that case, must be considered as overruled, so far as it may be construed as inconsistent with this opinion. So much of that case as approves the eleventh instruction, commented upon

by it, has already, by implication, been overruled. *Greer* v. *The State*, 53 Ind. 420; *Veatch* v. *The State*, 56 Ind. 584.

As what we have said disposes of the case at the present hearing, we will not now consider some other questions discussed by counsel.

The judgment is reversed, with costs, and the cause remanded for a new trial.