## VOSS ET AL. *v.* PRIER ET AL.
### No. 7106.

FRAUDULENT CONVEYANCE.—*Action to Quiet Title.—Sheriff's Sale.— Husband and Wife.—Partnership Debts, on Dissolution —*In an action by A., his wife, and B., against C. and certain third persons, to quiet the

title to certain town lots, the complaint alleged the previous existence and dissolution of a co-partnership between A. and C.; the assumption of the partnership debts by C., in consideration of A.'s transfer to him of the partnership property and of the equitable title to one-half of one of such lots, owned jointly by A. and B.; the ownership of the other lots by A.'s wife ; the subsequent recovery of a judgment against A. and C., on a partnership debt; and the sale of all the lots, at the direction of C, on an execution on such judgment, to C.'s co-defendants, on his procurement, for money furnished by him. To this complaint C. answered, admitting the partnership and dissolution. the recovery of such judgment for a partnership debt, the alleged sale of the lots, the ownership by B. of a half interest in said lot, and the insufficiency of the partnership property to satisfy the partnership debts, but denying all other allegations of the complaint, and alleging that the lots claimed by A.'s wife had been conveyed to her by A., after such dissolution but before the rendition of such judgment, without consideration and to defraud creditors, and at a time when A. had not other property sufficient to pay his debts ; and, also, that A. still remained insolvent.

*Held*, on demurrer, that the answer is sufficient

EVIDENCE.—*Instruction Disparaging Testimony Offered in Deposition.*— An instruction, that the testimony of witnesses whose depositions have been taken is "not entitled to the same confidence as " of witnesses who have personally testified, in the presence and hearing of the jury, is erroneous.

From the Benton Circuit Court.

*D. E. Straight* and *U. Z. Wiley*, for appellants.

*S. P. Thompson* and *D. J. Thompson*, for appellees.

NIBLACK, C. J.—This was an action by Ephraim A. Voss, Sarah E. Cole and John W. Cole, against Henry J. Prier, John J. Robb, Thomas L. Merrick and Henry S. Travis.

The complaint averred, that on the 8th day of February, 1876, Henry J. Prier obtained a judgment in the Benton Circuit Court, against John W. Cole and John J. Robb, for six hundred and thirty-three dollars and thirty-three cents and costs, upon a partnership indebtedness, Cole and Robb having been partners in business; that previous to said 8th day of February, 1876, Cole and Robb had dissolved partnership and made a settlement whereby Robb re-

ceived the assets of the firm, together with other property belonging to the said Cole, and in consideration of which the said Robb agreed to pay off all the debts of the firm and save Cole harmless; that execution issued on said judgment, and, by direction of Robb, certain real estate known as lots 66, 67 and 68 in the town of Ambia, in Benton county, was levied upon and sold by the proper sheriff, the certificate of purchase issued to Thomas L. Merrick and Henry S. Travis, who were in fact not the purchasers of said lots; that Robb furnished and paid the purchase-money; that Robb acted in bad faith toward Cole in not paying off said judgment, as he had agreed to do, and, further, acted collusively and fraudulently in causing said lots to be sold, with the view of ultimately obtaining title to the same; that, at the time of obtaining the judgment, and at the time of the levy upon and sale of said lots, the said Cole was not the owner of said lots, except that the legal title to an undivided one-half of lot 66 was in him, the equitable title being in Robb, and that being a part of the property turned over to Robb on the settlement above referred to; that the fee simple of the other undivided half of said lot 66 was in Ephraim A. Voss at the time of the rendition of the judgment, and still so continued to be; that the title and ownership of lots 67 and 68 were, when the judgment was rendered, and still were, in Sarah E. Cole, of which Robb had notice, and that Robb, in causing said last named lots to be sold, acted fraudulently as to the rights of the plaintiffs; that the judgment and execution constituted no lien on any of said lots, and that the pretended sale of such lots was void; that said lots were worth much more than the amount of the judgment and costs; that said pretended sale of said lots was not made in compliance with the law. Wherefore the plaintiffs demanded that said sale be

set aside, and the cloud thrown thereby on the title to said lots should be removed.

Robb answered separately and substantially as follows :

" The defendant John J. Robb, for answer to the complaint herein, admits the rendition of the judgment, the issue of the execution, and the levy upon and sale of the lots as alleged in the complaint, and further admits that said judgment was taken for a debt due from the firm of Cole & Robb to the defendant Prier ; also further admits that the defendants Merrick and Travis purchased said lots at sheriff's sale for the use and benefit of this defendant, who now owns whatever title to such lots which may have accrued to any one on account of such sheriff's sale; but this defendant expressly denies that he ever agreed or bound himself to pay said debt and judgment out of his separate means, and also expressly denies all the alleged irregularities in said sheriff's sale, and avers that the said firm of Cole & Robb, consisting of the plaintiff John W. Cole and this defendant, ceased to transact business as a firm about the 8th day of February, 1876, and that all the partnership assets had been applied to the payment of the debts of the firm, and wholly exhausted in that way. leaving of said debts unpaid more than the sum of $2,500, including the debt due the defendant Prier, for all of which the said John W. Cole and this defendant were individually liable ; that the defendant has paid upon said firm debts, out of his own means, the sum of $2,000, and that the said John W. Cole has paid nothing except by the sale of said lots ; that the defendant Prier had caused judgment to be taken on the debt due him, and that said judgment became a lien on the property of the said John W. Cole, as well as of this defendant, and that execution thereon was levied on said lots 66, 67 and 68, described in the complaint, as the property of the said John W. Cole, he owning in his own right

one undivided half of said lot 66, and all of said lots 67 and 68; that the only interest and title which the plaintiff Sarah E. Cole has to any of said lots arises from a deed direct from her husband, the said John W. Cole, dated the 28th day of January, 1876, for lots 67 and 68, which deed was executed without any consideration and made with the intent of defrauding the creditors of the said John W. Cole, as well as the creditors of said firm of Cole & Robb; that, when said deed was executed, the said John W. Cole was indebted in the sum of $1,500, and had left no other property in the State of Indiana with which to pay and discharge such indebtedness, or any part thereof, by reason of all which such conveyance was void. And all allegations of the complaint not expressly admitted are severally denied. Wherefore this defendant avers that the judgment so obtained by the defendant Prier became and was a lien on the lots mentioned in the complaint, and that said lots 67 and 68 and the undivided half interest of the said John W. Cole in said lot 66 were liable to pay said judgment, and were lawfully sold at said sheriff''s sale, and this defendant asks judgment for costs and all other proper relief."

The plaintiffs demurred to this answer for want of sufficient facts, but their demurrer was overruled. They then moved to strike out the answer, and that motion was also overruled.

Issue being joined, a jury found for the plaintiff Voss, as to one undivided half of lot 66, and that the sheriff's sale as to such undivided half of said lot ought to be set aside, and for the defendant Robb as to lots 67 and 68.

After overruling a motion for a new trial, the court rendered judgment in accordance with the verdict.

The plaintiffs have appealed and assigned error, amongst other things, upon the overruling of their demurrer to the separate answer of Robb, upon the overruling of their

motion to strike out said answer, and upon the refusal of the court to grant them a new trial.

It is claimed that separate defences were improperly united in the answer of Robb, in such a way and in such phraseology as to render it inapplicable, and hence insufficient, as an answer to the complaint.

As an answer it was somewhat anomalous in its structure and contained much redundant and merely argumentative matter, but we think it was sufficient on demurrer. As we construe its averments, they amounted to a denial of all the allegations of the complaint not expressly admitted, first, specially denying some, and then generally denying all, such allegations. The additional and special matters set up in defence were, in our estimation, merely redundant and argumentative, not reached by the demurrer. *King* v. *The Enterprise Ins. Co.*, 45 Ind. 43.

The answer being sufficient on demurrer, the court evidently did right in refusing to strike it out.

At the trial, the evidence consisted partly of oral testimony, and in part of the depositions of witnesses, and was in some respects sharply and irreconcilably conflicting.

As applicable to the evidence, and at the request of the defendant Robb, the court gave, amongst others, the following instruction :

" The integrity of witnesses may be determined by the application of the legal tests of truth, which are, first, the manner of the witness on the stand. This test can not be applied to those who are absent, and whose statements are conveyed to the jury by means of depositions. This circumstance should be remembered in weighing the credibility of conflicting witnesses, because statements thus made, remote from the court and in the absence of that public examination to which the witness is subjected at a trial, when confronted, in the presence of

the court, by opposing witnesses and counsel, are not en-
titled to the same confidence as statements which have
successfully passed such an ordeal."

In giving this instruction, the court substantially, and
almost literally, followed an instruction, known as the ninth
instruction, copied and approved in the case of *Carver* v.
*Louthain*, 38 Ind. 530, and was thereby, we regret to have
to say, led into an error. The doctrine of that instruction
was materially modified, and in some respects overruled,
by the case of *Millner* v. *Eglin*, 64 Ind. 197. The instruc-
tion before us, as did the instruction ruled upon in this
last named case, tended too much to disparage the value
of testimony given through the medium of depositions.
As we said in the case of *Millner* v. *Eglin*, *supra*, we may
know, as a matter of fact derived from common observa-
tion, that testimony communicated in the form of depo-
sition does not generally make so decided an impression
on a jury as that orally given in open court, but the law
does not as a rule recognize the inferiority of testimony
embodied in depositions, to testimony given orally at the
trial. The relative value of these two classes of testi-
mony depends upon the facts of, and the circumstances
attending, each particular case, and not upon any inexora-
ble general rule. Such we believe to be the fair construc-
tion of our code in its application to the different kinds
of evidence which may be permitted to go to a jury. 2 R.
S. 1876, p. 146, sec. 271.

The judgment below is reversed, with costs, as of the
November term, 1878, at which this cause was submitted,
and the cause is remanded for a new trial.