No. 8124.

## WORKS *v.* STEVENS.

SLANDER.—*Words not Actionable Per Se.—Pleading.*—Words not actionable *per se* may be made to appear actionable by averring such extrinsic facts as will show that they were intended to be, and were understood to be, slanderous.

EVIDENCE.—*Oral Testimony.—Depositions.—Instruction.*—An instruction that "All other things being equal, evidence of witnesses, given in the presence of the court and jury, is entitled to greater weight than that of witnesses whose depositions have been taken and read in evidence," was clearly erroneous. *Carver* v. *Louthain*, 38 Ind. 530, disapproved.

From the Switzerland Circuit Court.

*S. Carter, W. R. Johnson, F. M. Griffith, J. A. Works* and *J. D. Works*, for appellant.

*W. D. Ward* and *T. Livings*, for appellee.

FRANKLIN, C.—This was an action of slander, brought by appellant against appellee. The complaint was in two para-

graphs. The appellee demurred separately to each paragraph, and to each set of words in each paragraph. The demurrer was sustained to the 6th, 7th, 10th, 11th, 13th, 14th, 16th and 17th sets of words in the first paragraph, and to the 9th, 11th, 12th, 13th and 14th sets of words in the second paragraph, and overruled as to each paragraph as a whole, and to the 1st, 2d, 3d, 4th, 5th, 8th, 9th, 12th, 15th, 18th, 19th and 20th sets of words in the first paragraph, and 1st, 2d, 3d, 4th, 5th, 6th, 7th, 8th, 10th and 15th sets of words in the second paragraph. To which rulings the parties respectively excepted. Appellee filed an answer in five paragraphs—first, a denial, and, last, justification. Demurrer sustained to second, third and fourth paragraphs of answer, and overruled as to the fifth ; exceptions to rulings taken. Reply in denial to fifth paragraph. Trial by jury, and verdict for appellee. Motion for a new trial overruled and excepted to.

The errors assigned in this court are :

1st. The sustaining of the demurrer to the 6th, 7th, 10th, 11th, 13th, 14th, 16th and 17th sets of words in the first paragraph of the complaint.

2d. The sustaining of the demurrer to the 9th, 11th, 12th, 13th and 14th sets of words in the second paragraph of the complaint.

3d. The overruling of the demurrer to the fifth paragraph of the answer.

4th. The overruling of the motion for a new trial.

5th. Error in giving instructions 1, 2, 3, 4, 5, 6 and 7, by the court on its own motion.

6th. Error in giving instruction 1, asked by appellee.

Appellee filed the following cross errors, which he asks to be considered, should the judgment be reversed, to wit :

1st. The overruling of the demurrer to the first paragraph of the complaint.

2d. The overruling of the demurrer to the second paragraph of the complaint.

3d. The overruling of the demurrer to the 1st, 2d, 3d, 4th, 5th, 8th, 9th, 12th and 15th sets of words in the first paragraph of the complaint.

4th. The overruling of the demurrer to the 1st, 2d, 3d, 4th, 5th, 6th, 7th, 8th, 10th and 15th sets of words in the second paragraph of the complaint.

5th. The overruling of the demurrer to the 18th, 19th and 20th additional sets of words in the first paragraph of the complaint.

The first paragraph of the complaint substantially states that, prior to and at the time of the several grievances thereinafter mentioned, there was, and had been, a band of persons associated together in the counties of Switzerland, Ohio, Dearborn and Ripley, in the State of Indiana, for the purpose of stealing, receiving stolen goods, and committing other violations of the law; that, prior to the commencement of the grievances thereinafter mentioned, said band of thieves, or part of them, broke into the store of one James W. Gibbs, in the said county of Switzerland, and stole therefrom various articles of property, then owned by the said James W. Gibbs. It then alleges the good character and innocence of appellant; that appellee, with intent to injure the appellant, by causing his neighbors to believe that he had been, and was, guilty of theft, of receiving stolen goods, and associating with and assisting to conceal the goods stolen by said band of thieves, theretofore, to wit, on the —— day of ———, 1877, at the county of Switzerland aforesaid, in a certain discourse, which the said appellee then and there had of and concerning the appellant, and of and concerning said band of thieves, and of and concerning the said theft of the goods and chattels of the said James W. Gibbs, in the presence and hearing of one William J. Goodner, and of divers other persons, residents of said county of

Switzerland, falsely and maliciously spoke and published of and concerning the said appellant, and of and concerning the theft of said goods and chattels, and of and concerning said band of thieves, and the receiving of the goods stolen by them as aforesaid, the false, scandalous, malicious and defamatory words following, that is to say: Then follows twenty-one sets of words, which, to copy, would extend this opinion unreasonably. This paragraph concludes as follows: "Thereby charging, and intending to charge, that the plaintiff had been guilty of the crime of larceny and receiving stolen goods, and of associating with thieves and assisting to conceal goods stolen by thieves, and so said words were understood by those persons to whom they were so spoken."

The second paragraph of the complaint was substantially the same in form, except it omitted the allegation in relation to the existence of the band of thieves. It contained the remainder of the inducement, the colloquium, the special innuendoes and the general innuendo at the conclusion, and contained fifteen other sets of words, by copying which we do not desire to extend this opinion. The greater portion of the sets of words in this paragraph, though numbered differently, are the same, substantially, as in the first.

The first assignment of error is the sustaining of the demurrer to the 6th, 7th, 10th, 11th, 13th, 14th, 16th and 17th sets of words in the first paragraph of the complaint. Words not actionable *per se* may be made actionable by averring such extrinsic facts as will show that they were intended to be slanderous, and were so understood. These averments must be distinctly stated in the inducement, applied to the plaintiff by a proper colloquium, with the intended and understood meaning correctly set out in the innuendoes. It may also be shown by proper averments, that words, seemingly innocent, and even commendatory on their face, were intended, and were in fact understood, to convey a mean-

ing directly opposite to their ordinary signification.    Townshend Slander and Libel, secs. 135, 308 and 323 ; *Emmerson v. Marvel*, 55 Ind. 265 ; *Lipprant v. Lipprant*, 52 Ind. 273 ; *Waugh v. Waugh*, 47 Ind. 580 ; *Hart v. Coy*, 40 Ind. 553 ; *Keesling v. McCall*, 36 Ind. 321 ; *Ward v. Colyhan*, 30 Ind. 395 ; *Harrison v. Findley*, 23 Ind. 265 ; *Justice v. Kirlin*, 17 Ind. 588.    Under the foregoing authorities and rules of pleading, the court correctly sustained the demurrer to the 6th, 7th, 10th, 11th, 13th, 14th, 16th and 17th sets of words in the first paragraph of the complaint, and did not err in sustaining it to the 9th, 11th, 12th, 13th and 14th sets of words in the second paragraph of the complaint, as complained of in appellant's second assignment of error.

Appellant's counsel, in their brief, have not referred to their third assignment of errors, to wit, the overruling of the demurrer to the fifth paragraph of appellee's answer.    It is therefore waived.

The fifth and sixth assignments of errors by appellant are embraced in the fourth (the overruling of the motion for a new trial), and will all be considered together.

One of the reasons assigned by appellant in his motion for a new trial was, error of the court instructing the jury ; and the sixth instruction, given by the court on its own motion, is insisted upon as being erroneous.    It reads as follows :

"All other things being equal, evidence of witnesses, given in the presence of the court and jury, is entitled to greater weight than that of witnesses whose depositions have been taken and read in evidence.    But whether the witnesses testified in your presence or by deposition, it is your province to determine the weight that the testimony of the witness should have.   You are the exclusive judges of the credibility of the witnesses, and of the weight that should be given to their testimony."

While it is doubtless true in many cases, and perhaps in most cases, the testimony of a witness orally given is much

more likely to make a decided impression, one way or the other, upon the minds of the jury, than if communicated in the form of a deposition ; while the appearance and manner of testifying of some witnesses might produce conviction of the truth of what they were stating, in others, their manner and appearance might operate very disparagingly upon their testimony.　When the evidence is in the shape of depositions, there is no rule that can be laid down by which we can accurately judge whether the testimony should be more or less favorably considered, than if given orally in the presence of the court and jury.

Under the rule laid down in the case of *Carver* v. *Louthain*, 38 Ind. 530, this instruction might have been upheld, and perhaps the authority, as contained in that case, may have misled the court below in giving the instruction ; but that case has not been followed approvingly by the recent decisions.　Indeed, it has been overruled, and rightly so, we think.　See *Nelson* v. *Vorce*, 55 Ind. 455 ; *Pratt* v. *The State*, 56 Ind. 179 ; *Veatch* v. *The State*, 56 Ind. 584 ; *Millner* v. *Eglin*, 64 Ind. 197 ; *Voss* v. *Prier*, 71 Ind. 128.

An instruction in relation to the interest of a witness was held bad in the case of *Greer* v. *The State*, 53 Ind. 420.

This sixth instruction was clearly erroneous ; and on the account of the giving of which, this judgment must be reversed.

There may be other errors in the instructions given, but we decline extending this opinion by an examination of each of the instructions separately.

In the event of a reversal of the judgment, counsel for appellee have requested us to pass on the cross errors assigned, the first and second of which are the overruling of the demurrers to the first and second paragraphs of the complaint. We see no error in the overruling of the demurrers to each of these paragraphs.　Some of the sets of words in each are actionable *per se* ; others are made so by the alleging of ex-

trinsic facts in a proper inducement, followed by an appropriate colloquium, and defined by sufficient innuendoes.

As to the third, fourth and fifth assignment of cross errors : Some of the sets of words to which the demurrers were sustained are very similiar to others to which the demurrers were overruled, and perhaps they might have been safely sustained to more than they were ; for instance, the 6th and 7th sets of words, in the second paragraph of the complaint, are not sufficient. They read as follows :

6. "As sharp men as Tom Works (meaning plaintiff) have been catched (meaning that the plaintiff had been guilty of the crime of receiving stolen goods, and that he had been caught with the goods in his possession)."

7. "He (meaning plaintiff) is as bad as any of them (meaning a band of thieves that had been stealing property), and as smart men as him have been caught (meaning that the plaintiff had been guilty of receiving stolen goods, and of the crime of larceny, and that he had been detected)."

We do not think the words justify the innuendoes attached to them ; but in the multiplicity of the rulings upon thirty-five different sets of words it is not to be wondered at if a little confusion should have crept into the reference to the numbering of the different sets of words. But we do not think there was sufficient error in the cross errors to seriously affect the ordinary result of a reversal of the case upon the subject of costs.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things reversed, at the costs of appellee.