Filed Nov. 26, 1883.

————————◆————————

No. 10,793.

## WOOLLEN *v.* WHITACRE.

INSTRUCTIONS.—*Credibility of Witnesses.*—It is an invasion of the province of the jury to instruct that it is their *duty* to consider the interest of a witness, his manner of testifying, the inconsistency of his statements, if any, and contradictory statements, if any, made by him in relation to the matter in question, in determining the credit to be given to his evidence.

VERDICT.—*Practice.*—Where a special verdict is not demanded, it is not the duty of the court to submit to the jury a form of special verdict prepared by a party.

SAME.—*Interrogatories.—Instruction.—Harmless Error.*—Where the jury, finding a general verdict, return answers to interrogatories sent to them, a refusal to instruct them to answer such interrogatories if they find a general verdict, is harmless.

EVIDENCE.—*Testimony of Witness on Former Trial.*—A refusal to permit a party to read to the jury only what purports to be the testimony of the opposite party on a former trial of the cause, and taken down and saved by a demurrer to the evidence then filed, is not error, it not appearing that the evidence offered was in fact given at the former trial.

SAME.—Where a witness who testified on a former trial of the cause is not shown to be dead, it is not proper to permit proof of his evidence then given to go to the jury.

From the Huntington Circuit Court.

*W. H. Trammel, T. L. Lucas* and *W. W. Woollen,* for appellant.

HAMMOND, J.—Suit upon a promissory note, payable at the First National Bank of Indianapolis, alleged to have

been executed by the appellee to James B. Drake, and assigned to the appellant, by endorsement, for value, before maturity. The appellee answered, under oath, denying the execution of the note. Trial by jury; verdict for appellee; judgment on verdict over appellant's motion for a new trial. The only error assigned by the appellant is that the court below erred in overruling his motion for a new trial.

At the trial the appellant made the proper request for the court to give the jury the following instruction:

"The actions, appearance, manner of testifying and the circumstances that attach to and surround a witness, together with his interest, and consistency or inconsistency of statements, often determine, and properly, what weight a jury ought to give to such testimony. In this case, the defendant Whitacre is a competent witness in his own behalf, his interest in the result going only to his credibility; *but you have the right, and it is your duty, to take into consideration that interest, together with his manner of testifying and the consistency or inconsistency of his statements, if any; also, what contradictory statements, if any, he may have made in relation to the matter in suit.*" The court modified the charge by omitting the words in italics, and giving, in lieu thereof, the following: "And his testimony is to be considered the same as that of any other witness under the rule above stated."

The court had, in its charge immediately preceding the above, informed the jury, in substance, that, in determining the credibility of a witness, it was proper for them to consider his appearance, manner of testifying, his capacity for understanding and his means for knowing the facts about which he testified; also, his disinterestedness and freedom from bias or prejudice. The jury was also informed that they were the exclusive judges of the credibility of witnesses. Taking the charges together, we think there was no error in the modification complained of. Indeed, that part of the charge requested, and refused, told the jury, in substance, that it was their duty to consider, among other things, the in-

terest of a witness. If .it be true, as a matter of law, that it is the *duty* of the jury to consider the *interest* of a witness in determining his credibility, then it would seem also to be their duty, as a matter of law, to give less weight to the testimony of a witness having an interest in the result of a suit than to that of one having no interest. However this may be as a matter of fact, it is not so as a matter of law. The decisions of this court are numerous to the effect that it is error for the court to say or intimate to the jury that any circumstance or fact should be considered by them to the disparagement of a witness's testimony. The court may properly say to the jury that, in considering the credibility of a witness, certain things may be considered by them; but it is error for the court to inform the jury, directly or indirectly, that such things must, as a matter of law, be regarded in determining the question of credibility. Whenever the court does so, it invades the province of the jury. *Nelson* v. *Vorce*, 55 Ind. 455; *Pratt* v. *State*, 56 Ind. 179; *Millner* v. *Eglin*, 64 Ind. 197 (31 Am. R. 121); *Works* v. *Stevens*, 76 Ind. 181.

The appellant, at the proper time and in the proper manner, requested the court to instruct the jury that they might find either a general or a special verdict; that if they found a general verdict, they must return ·answers to all the interrogatories submitted to them; and that if they found a special verdict, they need not answer the interrogatories. The appellant, at the time of requesting this instruction, submitted to the court a form for a special verdict, and also submitted interrogatories addressed to the jury. The court refused to submit to the jury the form for a special verdict and the interrogatories, until the appellant elected which he would have submitted, the form for a special verdict or the interrogatories, and also refused to give the instruction as requested. The record does not purport to contain all the instructions given by the court to the jury, and we must, therefore, presume that the court properly instructed the jury

that they might in their discretion return either a general or a special verdict. The appellant had the privilege, if he desired, of requesting the court to direct the jury to return a special verdict, in which case he could have submitted a form for such verdict. Section 546, R. S. 1881. In the absence of such request, he can not complain that the court declined to submit to the jury the form presented by him for a special verdict. As the jury returned with their general verdict answers to the interrogatories submitted to them, no harm resulted from the refusal of the court to instruct them that it was their duty to answer the same in the event they returned a general verdict.

It is shown by the bill of exceptions that the appellant offered to read in evidence before the jury, the testimony of the appellee, " purporting to have been given by him on the trial of this cause on the 26th day of March, 1877, and to have been taken down and saved by a demurrer to the evidence, then prepared by the plaintiff, and to have been filed in this court on the 27th day of March, 1877." The appellee objected to this evidence as being incompetent, and his objection was sustained. The bill of exceptions contains the excluded evidence.

We can not say that the ruling of the court was erroneous. It will be observed that the bill of exceptions does not show that the appellant proposed to read to the jury the evidence of the appellee given at the former trial from a record of the court, identified, proved or admitted to be the demurrer containing such evidence. He simply proposed to read what purported to be such evidence. The court held it incompetent, very likely, we may suppose, because there was no proof or admission that the evidence offered was in fact the appellee's evidence at the previous trial.

The bill of exceptions also shows that the appellant, for the purpose of rebutting the testimony of the appellee, offered to read in evidence the testimony of one George A. G. Sonner given at the former trial in behalf of the appellee. This

evidence was also claimed to be embraced in a demurrer to the evidence filed by the appellant at the former trial. The appellee's objection to its introduction, on account of incompetency, was also sustained. There was no evidence showing that the witness had deceased since the previous trial. We know of no rule that will admit the evidence given at a former trial of a witness not deceased, and who is not a party to the suit, except for the purpose of impeachment. And for the purpose of impeachment, where the witness is not a party to the suit, a bill of exceptions purporting to contain his testimony at a previous trial is not admissible in evidence. *Glenn* v. *State*, 46 Ind. 368.

It was said in that case: "The appellant might have proved the substance of the testimony of the witness on the former trial, by any person who had heard him testify, but the bill of exceptions embodying the evidence upon such trial was not admissible for that purpose. The witness was not a party to that action and was not bound by what was contained in the bill of exceptions. Such a practice might lead to very dangerous results." See, also, *Starrett* v. *Burkhalter*, 86 Ind. 439. The same reasoning is quite applicable to the testimony of a witness at a former trial, purporting to be contained in a demurrer to the evidence.

It may also be added that if testimony, at the former trial of Sonner, was offered for the purpose of impeachment, the appellant's brief has not called our attention to anything in the record that could, in any event, authorize its admission for that purpose. A witness can not be impeached by proving contradictory statements made by him, without first laying the proper foundation by asking him whether he did or did not make such statements, at the same time calling his attention to the time when, and place where, they are alleged to have been made.

The appellant urges that there were other errors in admitting certain evidence of the appellee, and in refusing to submit to the jury certain interrogatories propounded by the ap-

pellant. But he has not, in his brief, as required by rule 19 of this court, referred to the record by page and line where the evidence complained of, or the interrogatories mentioned, may be found. In such case, it is not our duty to search the record for errors. 2 Works Pr., section 1098.

At the trial there was some very strong evidence tending to show that the appellee signed the note sued upon. But he testified positively that he never signed it, directly or indirectly. There was also some evidence, of those acquainted with his handwriting, tending to show that the signature was not his. The execution of the note was the only matter in issue, and there being a conflict in the evidence, this court is compelled to accept the verdict of the jury, coming to us, as it does, approved by the trial court in overruling the motion for a new trial.

The motion for a new trial embraces causes not herein referred to, but, as they are not discussed in the appellant's brief, they must be regarded as waived.

Judgment affirmed at the appellant's costs.

Filed Nov. 26, 1883.