## BROCK *vs.* SAXTON.

An exception which does not show that it was taken at the trial cannot be noticed in this court.

Where there are subscribing witnesses to an instrument, secondary evidence cannot be received to establish it.

The testimony of the witness, or proof of his hand-writing if he be beyond the jurisdiction, must be adduced.

The parties by selecting the witness, have agreed to rest upon his testimony as to the execution of the deed.

A bill of sale, as of a negro, proved by the subscribing witness before the clerk of the circuit court, and by him recorded in his book of deeds, does not make it a judicial record, or legitimate proof—we have no statute authorizing such a deed to be recorded, by the clerk of the county in his book of deeds.

DETINUE, determined in Desha circuit court, in September, 1843, before the Hon. ISAAC BAKER, one of the circuit judges.   Brock sued Saxton for two slaves of the value of $600.   The case was tried on the general issue, and property in defendant.   The facts of the case appear substantially, in the opinion of the court.   On error.

*Yell*, for plaintiff.

*Trapnall & Cocke*, contra.

*By the court,* LACY J.   We perceive no error in the judgment and opinion of the court below.   The several questions presented by the record arise upon bills of exception to the evidence and the instructions given by the court to the jury.   One of these exceptions does not show that it was taken or reserved upon the trial, and of course we are not at liberty to notice it.·  This point has heretofore been expressly and repeatedly ruled against the plaintiffs in error.   The bill of sale, which is all the evidence offered in support of the plaintiff's title was not properly proved, and the court did right in excluding it. Its execution was not proved by the subscribing witness. The attempt to establish it by parol or secondary evidence was wholly inadmissible.   The law requires the testimony of the subscribing witness or proof of his hand-writing, if he is beyond the jurisdiction of the court. And so rigid is this rule, that it is not superseded by the acknowledgment of the party himself.   *Douglass*, 205.   2 *East.* 187.   *Fox et al.*

*vs. Reill et al.*, 3 *J. R.* 477. The parties, by selecting the witness, have agreed to rest upon this testimony as to the execution of the deed, and all its attendant circumstances he is presumed to know better than any other person. The bill of sale that was sought to be proved has a subscribing witness to it, and the exception, stating that the witness was a citizen of another State, is not shown to be taken or reserved, during the progress of the trial, and consequently forms no part of the record before us. It was proved by the subscribing witness before the clerk of the circuit court, and recorded by him. But this does not make it a judicial record or proof in the cause. We have no statute authorizing such a deed to be recorded and made evidence by the clerk of the county court in his books of deeds.

The instructions of the court amount to nothing more than this, that the bill of sale, under which the plaintiff claimed, being rejected as evidence for want of proof, and he adducing no other testimony in support of his title, of course he had failed to make out his case and the defendant was entitled to a verdict. In this there was no error. The plaintiff is bound to show title, and if he fails to do so, he has no right to recover and judgment should go for the default. Judgment affirmed.