## SNYDER v. THE STATE.

CRIMINAL LAW.— *Weight of Evidence of Expert.*—The weight to be given to the opinion of an expert, as evidence, should depend upon the knowledge and skill actually possessed by him, and not upon that he professes to have, and is a question for the jury.

From the Tipton Circuit Court.

*J. Green, D. Waugh* and *D. Moss*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

SCOTT, J.—Indictment for murder by the administration of poison. Trial by jury. The appellant was found guilty of manslaughter and his punishment fixed at twenty-one years' confinement in the state-prison.

Among many instructions given by the court to the jury, the following was given, and proper exception taken by the appellant:

"The testimony of witnesses, who profess special skill and knowledge, given upon facts stated to them, is subject to the same test as to credibility as the evidence of other witnesses, except that you, should consider the degree of skill and knowledge professed by the witness, so far as the evidence shows, and estimate the value of their opinions accordingly, and also whether the facts stated to the witness, for his opinion thereon, correspond with the facts proved by other witnesses on the trial, and in proportion as the facts stated to such witness differ from the facts actually proved, if they differ at all, in like proportion does the opinion of the witness lose its value so far as this case is concerned."

We are of opinion that the giving of this instruction was error, and was calculated to mislead the jury. The value of the opinion of an expert does not depend on the skill and knowledge professed, but upon the skill and knowledge actually possessed, by the witness, and the jury, in a criminal case, are the judges of what weight should be given to the opinions of experts, as well as to the evidence and opinions of other witnesses.

The judgment is reversed, and the clerk will make a proper order for the return of the prisoner.