Vanvalkenberg *et al. v.* Vanvalkenberg *et al.*

No. 9365.

VANVALKENBERG ET AL. *v.* VANVALKENBERG ET AL.

| 90 | 433 |
| 136 | 8 |
| 90 | 433 |
| 138 | 253 |
| 90 | 433 |
| 165 | 361 |

VERDICT.—*Contest of Will.*—A verdict finding that the "writing in question, which was read to the jury, is the last will of said M. V.," though informal, is sufficient, no paper but the contested will having been read to the jury.

ERROR.—*Transcript.*—*Deposition.*—*Presumption.*—If error be not affirmatively shown by the record, there will be no reversal by the Supreme Court; and when the record fails to show for what cause a deposition, in whole or in part, was suppressed, the Supreme Court will presume in favor of the correctness of the trial court.

WILL.—*Instructions.*—*Case Followed.*—Instructions to the jury like those in *Bundy* v. *McKnight,* 48 Ind. 502, numbered 2, 7, 8, are not erroneous.

SAME.—*Verbal Inaccuracies.*—Inaccuracy of language in an instruction, which would not probably mislead intelligent men, will not be deemed available error.

SAME.—*Evidence of Mental Capacity of Testator.*—Where physicians have testified as to the mental condition of one who attempted to make a will, which is under contest, it is error to tell the jury that no medical experts have testified, and that the finding, as to testamentary capacity, must be based upon the testimony of neighbors and intimate friends of the deceased, as to facts known to them, and their opinions based thereon.

SAME.—*Undue Influence.*—Undue influence, destroying free agency, when a will was made, vitiates the will, though the devisee may have had no agency in procuring its exercise and no knowledge of the fact.

SAME.—*Evidence.*—*Declarations.*—*Res Gestæ.*—Declarations of the testator as to the importunities of a devisee for a favorable will, made at a time so remote from the execution of the paper that they are not part of the *res gestæ,* can be considered only upon the question of testamentary capacity.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellants.

HAMMOND, J.—On August 31st, 1878, Martha Vanvalkenberg, the mother of some, and the grandmother of others of the parties in interest in this action, died, leaving an instrument of writing, executed July 17th, 1878, purporting to be her will. In this, all her real estate and personal property, of the value of several thousand dollars, were devised and

bequeathed to her daughter, the appellee Lucinda Vanvalkenberg.

This was a proceeding by the appellants to resist the probate of said instrument of writing, and to have the same declared invalid.

The appellants allege in their complaint that the testatrix at the time of executing the will was of unsound mind; that at the time of signing it she did not know its contents; that it was not duly executed; and that its execution was obtained by undue influence, duress, fraud, force and threats. The appellees, except Lucinda, made default; she answered by a general denial.

The judge of the court below having been engaged as counsel in the case prior to his term as judge, appointed a special judge who presided at the trial. The case was tried by a jury, who returned this verdict: "We, the jury, find that said paper writing in question, which was read to the jury, is the last will and testament of said Martha Vanvalkenberg."

The appellants moved for a *venire de novo*, on the ground that the verdict was informal, illegal and did not determine the questions in issue. The court overruled this motion, and the appellants excepted. The appellants then, on written causes, moved for a new trial. This motion was also overruled, and to this ruling they excepted. Judgment was rendered, admitting the will to probate, and directing it to be recorded as the last will and testament of the decedent.

The errors properly assigned in this court are: That the court below erred in overruling the motion for a *venire de novo;* also erred in overruling the motion for a new trial; and, also, erred in rendering judgment on the verdict.

No objection is made to the judgment except that the verdict was insufficient. The first and last errors assigned may, therefore, be considered together.

While the verdict is somewhat informal, we think that it is sufficient. A *venire de novo* is granted only where the verdict, whether general or special, is imperfect by reason of some un-

certainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages in a case where such assessment is necessary. Under the evidence, the paper writing mentioned in the verdict as read to the jury, could only refer to the alleged will, and the finding that such paper writing was the last will and testament of the testatrix was the same as finding that it was duly executed and not invalidated from any of the causes set out in the complaint. A verdict is sufficient if it can be determined from it what the finding is upon the issues. 1 Works Pr., sections 837–8.

We come to the appellants' motion for a new trial. Six causes were contained in the motion, which will be considered in their order.

The first and second reasons for a new trial were to the effect that the verdict was contrary to the evidence and contrary to law. While it was conflicting, there was sufficient evidence fairly to sustain the verdict. Under the well established rule of appellate courts in such cases, we can not disturb the judgment below upon the question of the weight of evidence.

The third ground for a new trial was, "That the court erred in refusing to permit the contestors to put this question to William A. Winslow and Julius Deming, witnesses in said cause, to wit: 'Did you not go and see Martha Vànvalkenberg with the intention of procuring her to make a will of all her property to her daughter Lucinda Vanvalkenberg?'"

The appellants in their brief do not discuss the alleged error of not permitting Winslow to answer the above question, and the record fails to show that the question was asked Deming.

The fourth reason for a new trial is that the court erred in sustaining the appellee's motion to suppress parts of the depositions of certain named witnesses. The bill of exceptions shows that, after the jury was sworn to try the case, the court sustained the appellee's motion to strike out parts of depositions, to which the appellants objected on the ground

that the motion came too late.   The reason for suppressing parts of the depositions is not shown in the record.   A deposition may be suppressed, after the commencement of the trial, if any matter which is not disclosed in the deposition appears, which is sufficient to authorize such suppression.   Section 438, R. S. 1881.   And where the record fails to show for what cause a deposition, in whole or in part, was suppressed, we must presume in favor of the correctness of the ruling.   In other words, the rulings of the trial court, unless affirmatively shown by the record to be erroneous, will be sustained by this court.   *Glenn* v. *Clore,* 42 Ind. 60.

The fifth cause for a new trial was the alleged error of the court in giving instructions numbered from one to ten inclusive.

It is claimed that the first instruction had a tendency to mislead the jury by conveying the impression that signing a will alone constituted its proper execution.   We do not think the instruction is open to this objection.   It is substantially the same as instruction numbered 2 in *Bundy* v. *McKnight,* 48 Ind. 502, 504, which was held good.   The second instruction is, in all material respects, like that numbered 7, on page 510, in the case above named.   It was held proper in that case, and we are satisfied it is good in this.

The third instruction follows substantially instruction numbered 8 in that case on page 511, and we must hold, as it was held there, that it is sufficient.   An evident clerical mistake near the close of the instruction, as the record comes here, in using the words " him well " for " his will," makes some little confusion in the meaning, but if we were compelled to presume that the learned attorney who presided at the trial as special judge actually made this mistake, we would still presume that the error was so manifest, and the meaning intended so apparent, that an intelligent jury would not be misled.

The following passage occurs in the fourth charge:   " No medical experts have been examined, and the testimony of the

neighbors of the testatrix and those persons who have been most intimate with her, and their opinions, together with the facts stated by them upon which their opinions are based, must be considered by the jury, and from which their finding must result."

In the above extract, the court, inadvertently, no doubt, overlooked the evidence of Drs. Bliss and Brown, both of whom were attending physicians on the testatrix in her last sickness. Dr. Bliss was present at the execution of her will, and was one of the attesting witnesses. In his opinion, she was then of sound mind. Dr. Brown, who attended on her some four months, almost daily, until within a short time before the execution of the will, describes her physical and mental condition as being extremely feeble, and his opinion is decidedly adverse to her testamentary capacity.

The effect of the above instruction would be to withdraw this evidence from the minds of the jury, or to impress them with the belief that, as a matter of law, it was entitled to no greater weight than the testimony of witnesses making no claim to medical skill. The fact that the opinions of the doctors conflict made no difference. The right of the jury to consider all the evidence, to determine its weight, and to give preference, if they chose, to the evidence of one witness over that of another, should not have been interfered with by the court.

In the sixth instruction, the jury was informed that "if it be shown, to the satisfaction of the jury, by a preponderance of the evidence, that the mind of the testatrix was so operated upon by the contestee, or by others *at her request, and in her interest and with her consent,* * * * to such an extent that the free agency of the testatrix was destroyed, * * * the will so executed can not be upheld."

This was error. If the free agency of the testatrix in making the will was destroyed by the undue influence of persons other than the contestee or devisee, it would make no difference whether such influence was used at her request, or with her consent, or not. If the free agency of the testatrix was

destroyed by undue influence, so that she made a will contrary to her judgment and intention, it is immaterial by whom such influence was exercised. The will in such case would be invalid. *Davis* v. *Calvert*, 5 Gill & Johnson (Md.) 269; S. C., 25 Am. Dec. 282.

Complaint is made of the eighth instruction. In this the jury was informed, in substance, that statements and declarations of the testatrix, made at times other than when the will was executed, respecting the importunities of her daughter, the devisee, to make a will in her favor, could. be received only upon the question of the testamentary capacity of the testatrix, and were not to be considered by the jury as evidence that such importunities were in fact made. Under the evidence this instruction was correct. There was no evidence tending to show that the testatrix made any such declarations at the time of executing the will, or at any time so near thereto that it could possibly be considered as part of the *res gestæ.* In such case the authorities concur that the declarations of a testator are admissible for no purpose except upon the question of his mental capacity to make a will. *Runkle* v. *Gates*, 11 Ind. 95; *Hayes* v. *West*, 37 Ind. 21; *Todd* v. *Fenton*, 66 Ind. 25.

No objections of any force are urged against the other instructions, and we think they were properly given.

The sixth and last cause for a new trial relates to the alleged error of the court in refusing to permit the appellants to impeach the testimony of a witness for the appellee, by the evidence of the witness's wife. The bill of exceptions does not show what the appellants proposed to prove by the wife, and we must, therefore, presume that the court properly excluded her testimony.

For the errors in the instructions referred to a new trial should have been granted.

Judgment reversed, at appellee's costs, with instructions to the court below to grant a new trial, and for further proceedings.