Filed March 12, 1884.

--------

No. 11,528.

## SANDERS v. THE STATE.

| 94 | 147 |
| 151 | 259 |

CRIMINAL LAW.—*Insanity.—Presumption.—Instructions.*—It is not error to instruct, *in a prosecution for murder*, that every man is presumed to be sane and to intend the natural and usual consequences of his own acts.

SAME.—*Intoxication.*—Voluntary intoxication is no excuse for crime.

SAME.—*Insanity.*—Ungovernable passion is not insanity, and one whose power of will is not impaired by disease, and who, yielding to passion, slays another, is subject to the punishment fixed by law.

SAME.—*Presumption.—Evidence.*—The legal presumption of sanity stands until the defendant has put in some evidence tending to overthrow it.

SAME.—*Evidence.*—Evidence in support of the defence of insanity should be scrutinized with care.

SAME.—Direct evidence is not essential, but any fact may be inferred from sufficient circumstances in criminal as in civil cases.

SAME.—*Witness.—Expert.—Jury.*—The jury is not required by law to give greater weight to the testimony of medical experts than to other witnesses who state facts within their knowledge, but it is for the jury to judge of the weight which each shall receive.

From the Clay Circuit Court.

*E. S. Holliday, G. A. Byrd* and *S. W. Curtis*, for appellant.

*F. T. Hord*, Attorney General, *S. M. McGregor*, Prosecuting Attorney, *G. A. Knight* and *C. H. Knight*, for the State.

ELLIOTT, J.—The appellant was adjudged guilty of murder in the first degree and sentenced to imprisonment in the State prison for life, and from the judgment of conviction prosecutes this appeal.

The questions argued are such as are said to arise on the ruling denying a new trial, and, conceding but not directly deciding that they are properly presented by the record, we will discuss and decide them.

There was no error in instructing the jury that every man is presumed to be sane and to intend the natural and usual consequences of his own acts.

Our cases settle the rule that voluntary intoxication is no excuse for crime, and they are in harmony with the great current of authority.   *Cluck* v. *State*, 40 Ind. 263; *Gillooley* v. *State*, 58 Ind. 182; *Fisher* v. *State*, 64 Ind. 435; *Colee* v. *State*, 75 Ind. 511.

It is true, as stated in one of the instructions given by the court, that ungovernable passion does not constitute insanity.   It is the duty of one whose will power is not impaired by disease to govern and control his passions, and if he yields to passion and slays another, he must pay the penalty prescribed by law.   *Guetig* v. *State*, 66 Ind. 94 (32 Am. R. 99).

The State is not in the first instance bound to introduce evidence to prove the sanity of the accused, for the presumption of mental soundness continues until some evidence has been offered by the defendant tending to overthrow it.   *Guetig* v. *State, supra*.   The statute providing that the accused shall set up the defence of insanity by special plea does not change the rule.

The court did not err in directing the jury that it was their duty to carefully scrutinize the evidence offered in support of the defence of insanity.   The adjudicated cases all agree in holding that a careful scrutiny should always be given evidence offered to establish the defence of insanity in criminal

prosecutions.  *Sawyer* v. *State*, 35 Ind. 80; *Guetig* v. *State*, *supra*.

A fact may be inferred from circumstances in criminal prosecutions as well as in civil cases.  It is not necessary to prove a proposition of fact in any case by direct and positive evidence; it may always be inferred from circumstances.

Instructions are to be taken as a whole and not in detached parts, and if they correctly express the law when so taken they will be upheld.  It is not enough to show that a clause or sentence standing by itself is incorrect, for, if it is correct when considered in connection with the language with which it is associated, the instruction will not be condemned.

Jurors are not bound to give more weight to the testimony of medical experts than to that of non-expert witnesses who state facts within their own knowledge.  It is not for the court to pronounce as matter of law which of the two classes of witnesses shall receive the greater weight.  That is a question for the jury.  *People* v. *Montgomery*, 13 Abbott Pr. N. S. 207; *McGregor* v. *Armill*, 2 Iowa, 30; *Tatum* v. *Mohr*, 21 Ark. 349; *Chandler* v. *Barrett*, 21 La. Ann. 58.; *State* v. *Bailey*, 4 La. Ann. 376; Rogers Exp. Test., section 37; *Van Valkenberg* v. *Van Valkenberg*, 90 Ind. 433, see p. 437; *Fulwider* v. *Ingels*, 87 Ind. 414; *Snyder* v. *State*, 70 Ind. 349.  Giving to each class of testimony its due weight, the jury in the present case could not, as we read the evidence, have reached any other conclusion than that embodied in their verdict.

We have examined the important questions discussed, although we are strongly impressed that the counsel for the State are correct in affirming that the questions were not properly saved, and we feel clear that the judgment should be affirmed, and so adjudge.

Filed March 13, 1884.