## HOLLON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   January 19, 1912.)

EVIDENCE (§ 77*)—PRESUMPTIONS—FAILURE TO CALL WITNESS.

In an action for personal injuries from being struck by a street car, where the motorman, who was corroborated by two witnesses, testified that he saw plaintiff and her daughter approaching the track, and cut off his speed, that before reaching the track they stopped, and he put the speed on again, that when the car was within 10 or 12 feet of the crosswalk the plaintiff attempted to cross in front of it, that her daughter took hold of her arm and tried to pull her back, and that she was not on the track, but was hit by the corner of the car, the jury might infer, from plaintiff's failure to call her daughter, who was present in court, as a witness, that her testimony might be unfavorable to plaintiff.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. § 77.*]

Thomas, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Rebecca Hollon against the Brooklyn Heights Railroad Company.   From a judgment in favor of the plaintiff, defendant appeals.   Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

D. A. Marsh, for appellant.
Frederick W. Sparks, for respondent.

RICH, J.   The plaintiff has recovered in an action against the defendant for injuries received in consequence of her being run over at a street crossing by one of defendant's cars.   August 17, 1908, at about 9 p. m., plaintiff says that, as she started to cross Fulton street, in the city of Brooklyn, she looked down the street and saw a car approaching about 200 feet away.   It was 13 feet and 8 inches from the curb to the first rail of defendant's track.   She testified:

"Then, when I got near the first rail, I looked again.   The car was then about to the wine store."

It was undoubtedly about 75 feet away.   She noticed that the car was lighted, but did not observe its speed.   She says:

"I kept on, and I got in the track going uptown, in the middle of the track.   I looked again, and the car was so near on me I tried to step back, and I felt a blow, and that was all."

The car was going fast, and if her evidence is true she was not guilty of contributory negligence as matter of law in going upon the track.

The judgment must be reversed, however, because of the error of the justice presiding at the trial in refusing to instruct the jury that they might infer, from the failure of the plaintiff to call her daughter as a witness, that her testimony might be unfavorable to the plaintiff. The daughter was with the plaintiff at the time of the accident, and was present in court during the trial.   The motorman of the car had

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

testified, and his testimony was corroborated by two witnesses, that he saw plaintiff and her daughter approaching the track, and cut off his speed; that before reaching the track they stopped, whereupon he put the speed on again, and when the car was within 10 or 12 feet of the crosswalk the plaintiff attempted to cross in front of the car; that her daughter took hold of her arm and tried to pull her back; that she was not on the track, but was hit by the corner of the car. The question as to whether plaintiff stopped before reaching the track, and whether she was upon the track when the car hit her, were important questions of fact, and the testimony of the daughter upon this subject was not merely cumulative, but substantive. The daughter possessed the knowledge which was important. She was under the control of plaintiff, and the failure to call her is not explained.

The refusal to charge as requested was reversible error, and it follows that upon this ground, and without considering the other exceptions, the judgment and order must be reversed, and a new trial ordered; costs to abide the event. All concur, except THOMAS, J., who dissents.