Western Union Telegraph Company *v.* T. C. Davis
Cotton Company.

Opinion delivered February 22, 1926.

1. Appeal and error—question not raised below.—Objection that
there is neither allegation nor proof as to plaintiff's identity,
whether a partnership, an individual or a corporation, cannot be
raised for the first time on appeal.

2. Judgment—identity of party.—A judgment in favor of T. C.
Davis & Co., if insufficient to identify the company, is valid at
least as to T. C. Davis.

3. Telegraphs and telephones—remedies of sendee for mistake
in transmitting message.—While the sendee of a telegraphic
message may sue the sender for breach of a contract based upon
a message incorrectly transmitted, he is not limited to that
remedy, but may sue the telegraph company for damages sus-
tained by reason of its negligent act in transmitting the message.

4. Telegraph and telephones—negligence in transmitting
message—damages.—Where the sender of a telegram offered to
buy cotton at 150 points above the New York quotations for a
certain month, but the message as transmitted read 525 points,
whereupon the sendee bought cotton to fill the order at 300
points above the New York quotations, which the sender refused
to receive, the latter was entitled to recover from the telegraph
company the damage sustained in getting relieved from such pur-
chase.

5. Telegraphs and telephones—limitation of damages.—Where
a telegraph company limited its liability for negligence in the
transmission of a message to $500, it was error to add interest to
that sum in a judgment for damages.

Appeal from Mississippi Circuit Court, Chickasawba
District; *G. E. Keck*, Judge; modified.

*Francis R. Stark, Rose, Hemingway, Cantrell &
Loughborough* and *Huddleston & Little*, for appellant.

*G. W. Barham* and *T. J. Crowder*, for appellee.

McCulloch, C. J.  This is an action instituted by
appellee against appellant to recover damages alleged to
have been sustained by reason of negligence in the trans-
mission of a telegraphic message from New Orleans,
Louisiana, to Blytheville, Arkansas. Appellee is described
in the complaint merely as "T. C. Davis Cotton Company,
plaintiff," without stating whether the plaintiff is a cor-

poration or a partnership or an individual. No objection, however, was raised concerning the right of appellee to sue. Appellant answered, and went to trial upon the issues of fact, and there was a verdict in appellee's favor for the recovery of the sum of $500 and interest at six per cent. from the date the alleged cause of action arose. The case was tried upon an agreed statement of facts, and, according to the recitals of the agreement, appellee was engaged in the cotton business at Blytheville, and W. A. Lighter & Company, cotton merchants, were engaged in business at New Orleans, and on September 12, 1922, Lighter & Company delivered to appellant at one of its offices in New Orleans a telegraphic message to be transmitted to appellee at Blytheville proposing to buy a specified lot of cotton. It was a code message, and the word "blush" was used, indicating, according to the cipher code, a price for the cotton of 150 points above the New York market quotations for December. In the transmission of the message there was an error made by appellant's servants in changing the word "blush" to the word "bluish," which latter word under the cipher code meant 525 points above the New York quotations for December. Immediately upon receipt of the message, appellee, without any information as to the error in transmission, wired his acceptance to Lighter & Company, thus closing the contract. Appellee thereupon entered into a contract for the purchase of cotton futures in order to hedge against loss and paid out $344.80, and appellee also, in preparation of fulfilling his contract with Lighter & Company, purchased from T. E. Griffin & Company, of Blytheville, 200 bales of cotton, paying therefor 300 points above the New York quotations, which was above the market price of the kind of cotton specified. Appellee by letter confirmed his telegram of acceptance, and it was immediately developed in the correspondence that a mistake had been made. There were negotiations between appellee and Lighter & Company for a settlement of the loss, and the latter declined to accept the cotton

from appellee at the price indicated in the telegram as delivered—that is to say, 525 points above the New York market. But it was agreed between them that appellee should sue appellant for the damages sustained by reason of the non-performance of the contract. Appellee was unable to use the cotton after the refusal of Lighter & Company to accept it at the price named, and he was compelled to sustain a loss of $500 in getting relieved from his contract of purchase from Griffin & Company.

Appellee in his complaint claimed damages on the item of $344.80, the amount expended in buying futures, and $1,990, profits which he would have earned if the contract according to the telegram had been performed, and $500 for loss sustained by having to pay Griffin & Company for release from the contract of purchase.

Appellant answered denying the allegations as to negligence and as to damages resulting from the error in transmission of the message, and also pleaded a clause in the contract which limited liability on an unrepeated message to the sum of $500.

The trial court upheld appellant's pleas as to limitation of liability and confined the recovery of damages to the sum of $500, but, as before stated, allowed interest thereon from the accrual of the cause of action down to the date of judgment. This ruling being in favor of appellant, and there being no cross appeal, it is unnecessary to say anything about that feature of the case except as to the recovery of interest, which will be mentioned later.

It is contended by appellant, in the first place, that appellee does not show any right to maintain this action, in that there is neither allegation nor proof as to appellee's identity, whether a partnership or an individual or a corporation. This question was not raised below, and it is too late to raise it now for the first time. *Spaulding Mfg. Co.* v. *Godbold,* 92 Ark. 63. The effect of the agreed statement of facts, as signed by appellant's counsel, was to recognize that appellee was an entity capable of suing in the courts, and the identity of appellee is not

important, since the judgment has been rendered. There is still another reason why the plea is not good at this time, for the name of T. C. Davis is used in connection with the identification of the plaintiff and affords sufficient identification of him as the plaintiff, treating the remainder of the descriptive words as being without force. *Percifull* v. *Platt,* 36 Ark. 456.

It is next contended that the negligence of appellant's servants was not the proximate cause of appellee's damage, and that appellee is entitled to recover only nominal damages. Counsel rely upon the decision of this court in *Des Arc Oil Mill* v. *Western Union Tel. Co.* 132 Ark. 335, where we decided that a public carrier in the transmission of a telegraphic message is the agent of the sender, and that "a party making an offer by telegraph is responsible for the correct transmission of his message and is bound by it in the terms in which it is delivered to the party addressed." We do not think that the decision in the case cited controls the present case. In that case the plaintiff was the sender of the message which proposed the sale of cottonseed at the price of $64, indicated by a code word. There was an error which changed the word so as to indicate a price of $63, and, without knowledge of the error, the sendee of the message accepted the offer. In later correspondence between the parties, the error was discovered, the same as in the present case, and the sender of the message conceded its obligation to perform the contract and furnished the stipulated amount of cottonseed at the lower price indicated in the message. The sender then sued for damages on account of the loss incurred in being compelled to comply with the contract which he had not intended to make. We held that the sender of the message was entitled to recover because he had been unwillingly bound to a contract by the negligent act of the carrier. In disposing of the case, we said: "The true rule is, we think, that announced in the majority of the cases, that, as between the sender and sendee, the telegraph company is the agent

of the former, who is bound by any mistake made in the transmission of a message, though the sendee may, under proper circumstances, maintain an action against the telegraph company for damages resulting in violation of the public duty, which it owes as a carrier to the sendee as well as to the sender.'' Now, the difference in the present case is that plaintiff (appellee) was the sendee and that the sender of the message, though bound by the contract in accordance with the law announced in the case cited, refused to perform it.    Appellee had a right of action, it is true, against Lighter & Company, the sender of the message, for a breach of the contract, but he also had a right of action against the carrier for a violation of public duty, as stated in the case cited above.    If there was in fact a right of action for a violation of this duty, the extent of the recovery of damages from appellant on account of that violation is not restricted to nominal damages merely because the actual damages might have been recovered from the sender who violated the contract. Appellee had a right of action against each of the parties, one against the sender of the message for a breach of contract, and the other against the public carrier for a violation of its duty which it owed to the sendee of the message.    There could be but one recovery, and appellee was put to his election as to which of the parties he should hold liable for damages.    But appellee was not bound to exhaust his remedy against the sender of the message before attempting to hold the public carrier liable for the consequences of its negligent act.    Our conclusion is that we are not out of harmony with the decision in *Des Arc Oil Mill* v. *Western Union Tel. Co., supra,* in holding that appellant in the present case is responsible to appellee for the damages actually sustained.

It is argued that neither of the items of damages claimed by appellee resulted proximately from appellant's negligence.    We pass over without comment two of the items involved, inasmuch as we have reached the conclusion that the $500 item may properly be treated as an

item of damages proximately resulting from the negligence of appellant.   It is contended that this item was not recoverable because the loss occurred as the result of a collateral undertaking with another party, and that it is the same as if the damage had been caused by the intervening act of a third person, and not directly from an act of negligence of appellant.   Counsel rely upon some of our decisions holding that injury resulting from an intervening act of a third person is not recoverable against a defendant on account of negligence.   *Martin* v. *Railway Co.,* 55 Ark. 510; *James* v. *James,* 58 Ark. 157; *Gage* v. *Harvey,* 66 Ark. 68.   The cases just cited have no application here, for the injury did not result from the intervening act of a third person, but the injury flowed directly from the negligent act of appellant's agents in making an error in the telegram.   Appellee was forced to buy cotton after accepting the contract at the high price offered by the sender of the message, and was forced to go into the market and buy cotton in order to be able to perform the contract.   In doing so he bought 200 bales of cotton from Griffin & Company at a price above the market value, and sustained a loss in buying it in the sum of $500.   It is true he paid the $500 to Griffin & Company to be relieved from his contract of purchase, but this sum represented the difference between the market price and the price he had agreed to pay Griffin & Company for the cotton, therefore it was an injury which directly flowed from the negligence of appellant in inducing him to believe that he was offered a price considerably above the market price.   In other words, if he had not been informed by the message that he was getting 525 points above the New York market quotations, he would not have paid 300 points above the quotations.

Finally, it is contended that the court erred in adding interest, and in this we are of the opinion that appellant is correct.   Under the contract the amount of recovery for negligence in transmitting an unrepeated message is the sum of $500.   Liability for unliquidated damages

does not bear interest, but the trial jury may consider the delay and add interest as compensation therefor in addi-. tion to the damages sustained at the time of the accrual of the cause of action. *St. L. I. M. & S. Ry. Co. v. Cleere,* 76 Ark. 377. The total damages are appraised at the time of the rendition of the judgment, and the restriction is placed in the contract upon the amount of damages to be recovered at that time. In other words, the judgment under the contract cannot exceed $500, hence the trial jury or the court had no right to include any element of damages which would raise the sum above that amount.

The judgment will be modified by striking out the excess above $500. It is so ordered.