SALIBA *v.* SALIBA.

Opinion delivered November 5, 1928.

*Moore, Gray & Burrow, Reid & Everard* and *Everett B. Gibson, Jr.,* for appellant.

*Bruce Ivy* and *J. T. Coston,* for appellee.

KIRBY, J., (after stating the facts). It is insisted, first, for reversal, and the question was raised by both the demurrer and the answer, that the court was without jurisdiction to try the cause, it being against a citizen and resident of the other judicial district of the county. The process, however, was issued and served upon the defendant in the district of the county where the suit was filed, and the fact that defendant was a resident and citizen of the other judicial district of the county did not deprive the court of the district where the suit was brought and the defendant was found of jurisdiction of the action, which was a transitory one. It is true the act creating the two judicial districts of Mississippi County, act 81 of 1901, and the amendatory act 468 of 1919, contain the provision, § 4 of the original act and § 1 of the amendatory act, that "no citizen of either the Osceola or the Chickasawba District of said county shall be liable to be sued in any action in said courts, in the other district." But § 6 of the original act provides that, in order to ascertain the jurisdiction of actions cognizable in the circuit and chancery courts, "the said districts for all purposes * * * shall be considered as separate and distinct counties, and the mode and place for trying suits and determining causes shall be determined by the general law applicable to different counties." It is further provided that certain processes shall run through the whole county, but that none, except subpoenas for witnesses, criminal processes and executions issued from the circuit court and chancery court of the Osceola District, shall be served on any citizen or resident of the Chickasawba District. If there were no provision in the act except the one of the fourth section, that no citizen of either of the districts shall be liable to be sued in any action in the courts in the other district, appellant's contention would not be without merit, but, construing the whole act together, and especially said § 6, which specifically provides that the jurisdiction of actions shall be determined as between the two districts as though they were separate and distinct counties, it can-

not be sustained. The cause of action for damages, being a transitory one, could be brought in any county in the State where the defendant could be found, and his having been served with process in the district in the county where the suit was brought gave that court jurisdiction to determine the cause.

The court correctly declared the law requiring the exercise of ordinary care by the driver of the car to prevent injury to appellee, who had been expressly invited by him to help push the car in getting it out of the ditch. We have held the owner or driver of the car is bound to the exercise of ordinary care in operating it to prevent injury to invited guests riding therein, and certainly one who, at the express invitation of such driver or operator of an automobile, gets in behind the car to assist in removing it from a ditch, is not a volunteer in any sense that would reduce the degree of care required to be exercised by the operator of the car to prevent injury to him to less than ordinary care.

No error was committed in not including a definition of contributory negligence in the instruction No. 1 complained about, wherein the court declared the law and told the jury, if they found such condition to exist, that plaintiff was entitled to recover, unless he was guilty of contributory negligence, contributory negligence being defined in other instructions.

It is next insisted that the court erred in giving instruction No. 2, which, it is claimed, was abstract, there being no allegation of the complaint or testimony in support of it. It is true that the negligence was alleged to consist in suddenly and carelessly reversing the lever or gear of the car and increasing the supply of gasoline, thereby causing it to lurch and roll backward, creating the necessity for plaintiff's protecting himself against it. Some of the witnesses testified that the injury resulted from the negligence as alleged. Dr. Saliba, who was in the car with appellant, stated that he stood on

the right of it, and the appellee and the others walked around to the rear of the car for the purpose of pushing and helping him out of the ditch, and ''he placed his car in gear and started forward, and with their and my assistance had his car almost out of the ditch, when suddenly, and without warning, he reversed his car and ran backward toward them at a very rapid rate of speed. It seemed that he reversed the car and suddenly pressed his foot on the accelerator, and that, together with the weight of the car, ran it back very suddenly.'' One witness testified the car rolled back rapidly, but did not come back suddenly like it had been thrown in reverse, and, as it came back, the plaintiff put his hands under the glass, and they slipped and crashed through the glass. This was the only testimony contrary to that of the plaintiff in proof of the allegation of the negligence that caused the injury, and it was unobjected to. Of course it only created an inference that the injury might have been caused by the failure to put on the brakes at the proper time, but, since the negligence in fact consisted in allowing the car to lurch and roll suddenly backward without warning, the instruction relative to the failure to apply the brakes cannot be regarded as abstract, in view of the undisputed testimony disclosing that the injury might have occurred because of that fact.

No error was committed in the giving of instruction No. 4. It was objected to only as inherently wrong. The instruction as given related to either party, and told the jury that, if either party had withheld any evidence under his control, the law presumed that it would be against him if it had been introduced. The defendant in the suit, who was driving the car, and who knew whether the injury was caused as alleged by putting the car in reverse, was present in court at the trial, and made no statement about it, and it was disclosed that only one of the four boys who saw the accident testified, stating the car did not appear to jerk as though it had been reversed, but rather to have rolled suddenly backward. The ap-

pellant's testimony would not have been trivial and could not have been considered as merely cumulative, and appellee was not bound to take a chance in calling upon him to testify about the transaction. The question as to whether the car was reversed was an important one of fact, and the fact rested peculiarly within the knowledge of appellant, who was driving the car, and he failed to give his version of it as a witness on the stand. The court did not err in giving said instruction to the jury. *Miller* v. *Jones,* 32 Ark. 346; *Ramey* v. *Fletcher,* 176 Ark. 196, 2 S. W. (2d) 84; *Hollon* v. *Ry.,* 133 N. Y. Supp. 206; *Kirby* v. *Talmage,* 160 U. S. 383, 16 S. Ct. 379, 10 R. C. L. 886.

Instruction No. 5, authorizing the jury to allow interest in its verdict from the time of the injury rather than the judgment, should not have been given. 8 R. C. L. 533; *Western Union* v. *Davis Cotton Co.,* 170 Ark. 506, 280 S. W. 977. The most of the damage was unliquidated, and, although the jury might have taken the delay in consideration as an element of damages in fixing the amount of the recovery, it should not have added the interest to the amount of the verdict, but, since that is a definite amount, and the judgment can be reduced accordingly, the error will be rendered harmless. The amount of the interest, as shown by the verdict, can be deducted from the amount of the judgment, relieving against any prejudice that could have resulted from the giving of the instruction. The verdict is not otherwise excessive. It is true the testimony showed that appellee is receiving the same salary in compensation for his services now as he did before the injury occurred, but this was a severe injury, which has permanently disabled him, the hand being virtually useless henceforth, and may be the cause of pain and suffering to appellee in the future. Then, too, it was shown that $1,500 had been expended for medical attention.

We find no other errors in the record, and the judgment will be modified by the reduction of the amount of

the interest found in the verdict, interest being recoverable only upon the amount of the judgment from its rendition, and, as modified, will be affirmed. It is so ordered.

SMITH, J., dissents.