WOOD v. CENTRAL ARK. MILK PRODUCERS ASSN.

5-2460                                      349 S. W. 2d 811

Opinion delivered October 9, 1961.

*Virgil D. Willis,* for appellant.

*Owens, McHaney & McHaney,* by *James M. McHaney,* for appellee.

GEORGE ROSE SMITH, J. In June of 1958 the appellee CAMPA operated several milk trucks from what is referred to as a transfer point, about two miles from the city of Harrison. CAMPA customarily had the vehicles serviced at the appellant's service station in Harrison. On the morning of June 25 the appellant's em-

ployee, Edgmon, was driving one of the trucks from the transfer point to the filling station, where it was to be serviced with gasoline and oil. In the course of the trip the vehicle left the highway, hurtled down a steep incline, and was extensively damaged. CAMPA brought this action for damages, relying upon the doctrine of *res ipsa loquitur* as a basis for recovery. The trial court, sitting without a jury, entered a judgment for CAMPA in the amount of $3,800. An appeal and cross appeal bring the case to us.

The appellant first contends that Edgmon was not acting in the course of his employment at the time of the accident. That morning CAMPA's foreman, Spence, driving his own car, had picked up Edgmon at the appellant's place of business and had taken him out to the transfer point, where Edgmon undertook to drive the CAMPA truck back to the service station. The appellant testified that he permitted his employees to drive passenger cars to the station, but he had instructed them not to attempt to drive the CAMPA trucks. On this basis it is argued that Edgmon was acting as CAMPA's agent in making the trip to the service station.

This position is not well taken. When an employee is acting in furtherance of his employer's business the latter is liable for the employee's negligence although the particular act is unauthorized or even contrary to express instructions. *Vincennes Steel Corp.* v. *Gibson,* 194 Ark. 58, 106 S. W. 2d 173; *Interurban Trans. Co.* v. *Reeves,* 194 Ark. 321, 108 S. W. 2d 594. CAMPA was a valued customer of the appellant, the account averaging $800 or more a month. The trial court was amply justified in concluding that Edgmon was acting in furtherance of the appellant's business in driving the truck that day.

The appellant also contends that there is no proof of negligence on Edgmon's part. In fact, the appellant argues that the accident was caused by CAMPA's negligence in allowing the truck to be operated with defective brakes; but Spence, who had driven the vehicle from

Little Rock on the preceding day, testified that the brakes were in good condition. No eyewitness to the accident testified; so the appellee's proof merely shows that the truck unaccountably left the highway and was damaged.

It is quite generally held that such proof is sufficient to make a prima facie case for the plaintiff under the doctrine of *res ipsa loquitur*. Motor vehicles do not ordinarily leave the highway without carelessness on the part of the driver. When, as here, the defendant is shown to have been in exclusive control of the vehicle the plaintiff is entitled to the benefit of the principle of *res ipsa loquitur*, casting upon the defendant the burden of going forward with the evidence. See *Bullington* v. *Farmers' Tractor & Imp. Co.*, 230 Ark. 783, 324 S. W. 2d 517; *Frisby* v. *Olin Mathieson Chem. Corp.*, 8th Cir., 279 F. 2d 939; Blashfield, Cyclopedia of Automobile Law (Perm. Ed.), § 6045; Case note, 6 Ark. L. Rev. 76. The appellant did not call Edgmon as a witness to explain how the accident happened. Thus CAMPA's prima facie proof was not rebutted. It is sufficient to support the judgment.

On cross appeal CAMPA first asks that the judgment in its favor be increased. An expert witness testified that in his opinion the market value of the truck before the accident was $5,000. CAMPA paid $300 to have the damaged truck towed back up the hillside, and it was sold for $1,500. It is insisted that these three items alone are reflected in the award of $3,800, so that nothing was allowed for CAMPA's expense in renting a truck to replace the damaged vehicle.

We need not determine whether rental expense is recoverable, for it is evident that we cannot increase the award. CAMPA's total damages embrace several elements and were fixed by the trial court at $3,800. This finding involves a question of fact which it is not our province to decide. *Manzo* v. *Boulet*, 220 Ark. 106, 246 S. W. 2d 126. Moreover, the trial court was not bound to accept the opinion of CAMPA's expert witness or its

interested testimony as to the amount of its expenses; so it cannot be said that a larger award would be supported by undisputed proof. *Home Indemnity Co. of N. Y.* v. *Jelks,* 187 Ark. 370, 59 S. W. 2d 1028; and see *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. 2d 49.

The appellee concludes its brief by asking that it be awarded interest at the legal rate from the date of the accident rather than from the date of the judgment. Its damages, however, are unliquidated, because the amount rests in the opinion of witnesses and is necessarily uncertain before judgment. We have held in *Saliba* v. *Saliba,* 178 Ark. 250, 11 S. W. 2d 774, 61 A. L. R. 1348, that interest is not allowed before judgment upon an unliquidated demand, for the defendant is not in default in failing to pay an unascertained amount.

Affirmed upon direct appeal and cross appeal.