Keith Edward TUCKER *v.* STATE of Arkansas

CR 78-160                                   575 S.W. 2d 684

Opinion delivered January 22, 1979
(Division I)

*McArthur & Lassiter, P.A.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. On May 21, 1977, approximately three men entered the Kroger Store at 1100 East Roosevelt, Little Rock. One man went to the office and one or more occupied the security guard. The security guard and one of the robbers began scuffling over a pistol and the guard, after being knocked down, was shot in the abdomen. Another shot was fired and the robber in the office was wounded in the leg. The robbers fled the scene shortly thereafter. During the investigation, the body of one Roy Johnson was found in the same general area of the store. Johnson had bled to death from the wound in his leg. During the early morning hours of May 22, police went to the home of appellant. Later the same morning, appellant and his brother reported to the police station, were questioned and were released. Later, appellant was again summoned to the station where he stood in a lineup viewed by at least sixteen persons, four of whom identified appellant as one of the robbers or as a "look alike". Appellant and one other person identified in the lineup were charged. The charges against the other man were later dis-

missed. Appellant was charged and tried for capital murder, aggravated robbery and first degree battery. He was convicted of first degree murder, robbery and battery, from which appellant appeals. He raises the following contentions:

"I. The trial court erred in limiting appellant's cross examination concerning misidentifications and erroneous identifications by eye-witnesses to the robbery and the sustaining of the State's objections to same.

II. The trial court erred in denying appellant's motion for directed verdict in that the evidence failed to support a verdict of guilty herein.

III. The trial court erred in refusing appellant's requested Instruction Number Two."

POINT I. During cross-examination of Officer Ivan Jones, appellant attempted to examine Jones relative to a summary that Jones had not prepared concerning persons who observed the lineup and failed to identify appellant as one of the robbers but were not called by the State as witnesses. The trial court sustained the objection because there was no showing as to the opportunity those persons had to observe appellant at the time of the robbery. Appellant also sought to examine Officer Jones from the summary concerning a lineup viewer who claimed to know the person that shot the security guard but the trial court sustained an objection on the basis that it constituted hearsay. Subsequently, appellant was permitted to elicit the information sought from Officer Jones through the testimony of Officer Larry Dunnington who actually took the statement from the lineup witness that claimed to know the identity of the robber.

Appellant in contending that the trial court erred relies upon Uniform Rule of Evidence 803(1) which provides:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(1) Present sense impression. A statement describing or explaining an event or condition

made while the declarant was perceiving the event
or condition, or immediately thereafter.''

In making this argument appellant ignores Rule 402 of the
Uniform Rules of Evidence which provides that "Evidence
which is not relevant is not admissible." Of course, without
some showing of the opportunity that the lineup witnesses
had to observe appellant at the time of the robbery and shoot-
ing, the fact that some of the lineup witnesses failed to identify
him in the lineup would have no relevance to the issue of
whether appellant was a participant.

Also that portion of the summary with reference to the
lineup witness that claimed to know the identity of the robber
that shot the security guard was properly excluded by the
trial court. In the first place there was no showing that Of-
ficer Jones saw or heard the lineup witness make the state-
ment about the identity of the robber — his only information
being information coming from the summary prepared by
someone else. Furthermore, the lineup occurred some three
days after the robbery and could not have been a present
sense impression of the robbery occurrence within the mean-
ing of Rule 803(1), *supra*.

POINT II. There was evidence showing that appellant
was one of the gun wielding robbers that did the shooting.
There was evidence that one of the robbers was wounded in
the leg and was bleeding as he left the building. There was
testimony that when the two robbers next to the front of the
store started to leave one of them yelled "Come on Roy." The
officers found a trail of blood from the store to the scene
where the body of Roy Johnson was found. The medical
testimony showed that Roy Johnson died from a loss of blood
caused by the wound. Furthermore, the proof shows that
appellant shot the security guard. Consequently, we can find
no merit in appellant's assertion that the evidence was insuf-
ficient to sustain the verdicts.

POINT III. Appellant contends that the trial court err-
ed in refusing to give its Instruction No. 2 which stated:

"You are instructed that if there is evidence or
testimony not produced in the trial, you may infer that

such evidence is unfavorable to the side not presenting it."

In making this argument appellant relies upon *Saliba v. Saliba*, 178 Ark. 250, 11 S.W. 2d 774 (1928). That case does not support the appellant's contentions because there the court was dealing with evidence in the control of a party. The instructions offered by appellant did not place any such restrictions on evidence not presented, consequently, the trial court did not err in refusing to give the instruction.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and PURTLE, JJ.